In the Matter of the Estate of JANE HULL, Deceased. KATHERINE S. SCHWARTZ et al., Appellants; FOUNTAIN HOUSE FOUNDATION, INC., et al., Respondents.

Third Department, November 3, 1971.

*N. Le Van Haver* and *Richard B. Overbagh* for Katherine S. Schwartz and another, appellants.

*Norman Kellar* for Elsie Burchess and another, appellants.

*Gifford, Woody, Carter & Hays* (*Paul F. Robinson* of counsel), for National Audobon Society, Inc., respondent.

*Turk, Marsh, Kelly & Hoare* (*Arthur H. Barnes* of counsel), for Fountain House Foundation, Inc., respondent.

*Philip J. Britt* for American Cancer Society, Inc., respondent.

SIMONS, J. This is an appeal from a decree of the Ulster County Surrogate which construed the will of Jane Hull, deceased.

The proceeding is brought to determine the validity of a paragraph of testatrix' will which disposes of her property to respondents by reference to a paragraph of her predeceased husband's will. Appellants are distributees of Jane Hull and her husband, Emerson C. Hull.

Jane Hull executed a will in 1958 which provided in paragraph '' Second '' that her entire estate go to her husband and alternatively: '' in the event that I survive my husband, I * * * bequeath all such property to the persons who would have taken the same if my husband had survived me and died immediately after my death the owner thereof, in the same shares, proportions and manner as if my husband had survived me * * * for the same purposes and subject to the same restrictions. In the circumstances described in this paragraph of my Will I appoint as executors hereof and trustees hereunder, respectively, the same persons or corporations who are executors and trustees, respectively under the Will of my said husband ''.

Her husband left a will dated November 28, 1962 and probated August 30, 1965. In it he named his wife as residuary legatee and respondents as alternative beneficiaries if she should predecease him. She survived until 1968.

Jane Hull's distributees argue that her disposition by way of her husband's will resulting in gifts to respondents was ineffective because it violates the rule against incorporation by reference. (Cf. *Booth* v. *Baptist Church of Christ,* 126 N. Y. 215.)

In *Matter of Fowles* (222 N. Y. 222) and *Matter of Piffard* (111 N. Y. 410), it was decided that a will may dispose of property by incorporating the dispositions made in the will of another. The will clauses in the *Fowles* case are virtually the same as

those construed here and the testamentary disposition was allowed. The rationale of that decision was that the purpose of the rule against incorporation is to safeguard against fraud and mistake. Where there is little danger of that, the clear intent of the testator should control.

There was no opportunity for mischief attending the distribution here. Jane Hull made a will which provided a plan for the disposition of her property if she outlived her husband. Upon her husband's death and the probate of his will, that disposition became fixed. She was the prime beneficiary and an executrix of her husband's will. If she was displeased with its terms, she had sufficient knowledge of them and ample time during the three years before her death to change her own will.

The cardinal rule in the construction of a will is that the intention of the testator controls. That intent, if discernible, must be given effect unless contrary to law or public policy. (*Matter of Larkin,* 9 N Y 2d 88.) Here testatrix' clear intent was that her husband was to direct the disposition not only of his property, but also the disposition of her property if he predeceased her. That intent does not run afoul of any rule of law in this State. (*Matter of Fowles, supra; Matter of Piffard, supra.*)

We have considered the argument of Emerson Hull's distributees that by paragraph "Second" of her will the testatrix intended her husband's distributees. We find it without merit.

The decree should be affirmed, with costs to respondents payable out of the estate.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Decree affirmed, with costs to respondents payable out of the estate.